IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NATHAN D. BENNETT, | ) | Civil No. 24-00213 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO: |
| vs. | ) | (1) DISMISS THE COMPLAINT |
| | ) | WITH LEAVE TO AMEND; |
| BOY SCOUTS OF AMERICA | ) | (2) DENY PLAINTIFF'S |
| ALOHA COUNCIL 104; and | ) | APPLICATION TO PROCEED IN |
| BOY SCOUTS OF AMERICA, | ) | DISTRICT COURT WITHOUT |
| SCOUTING AMERICA, | ) | PREPAYING FEES OR COSTS; |
| | ) | AND (3) DENY PLAINTIFF'S |
| Defendants. | ) | REQUEST FOR APPOINTMENT |
| | ) | OF COUNSEL UNDER THE CIVIL |
| | ) | RIGHTS ACT OF 1964; 42 U.S.C. |
| | ) | § 2000e-5(f)(1)(B) |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO:
(1) DISMISS THE COMPLAINT WITH LEAVE TO AMEND;
(2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT
COURT WITHOUT PREPAYING FEES OR COSTS; AND (3) DENY
PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL
UNDER THE CIVIL RIGHTS ACT OF 1964; 42 U.S.C. § 2000e-5(f)(1)(B)

On May 8, 2024, Plaintiff Nathan D. Bennett ("Plaintiff") filed a Complaint

for a Civil Case ("Complaint"). ECF No. 1. That same day, Plaintiff also filed an

Application to Proceed in District Court Without Prepaying of Fees or Costs ("IFP

Application") and a Request for Appointment of Counsel Under the Civil Rights

Act of 1964; 42 U.S.C. § 2000e-(5)(f)(1)(B) ("Request for Appointment of

Counsel"). ECF Nos. 3, 4.

The Court decides this matter without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the Motion, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court DISMISS the Complaint and DENY the IFP Application and Request for Appointment of Counsel for the reasons set forth below.

## DISCUSSION

I.    Plaintiff's Complaint

A.    Screening Pursuant to 28 U.S.C. § 1915(e)(2)

The Court must subject each civil action commenced pursuant to § 1915(a) to a mandatory screening and order the dismissal of any claims it finds frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

2

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads sufficient content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 679.

A complaint must also meet Rule 8 of the Federal Rules of Civil Procedure's requirements that a complaint include a "short and plain statement of the claim," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).  A district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough

detail to guide discovery"). *Cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179. Rule 8 does, however, require more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation and brackets marks omitted).

Moreover, because Plaintiff is appearing pro se, the Court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiuam)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas*

*v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

    B.    The Complaint

    The Complaint does not include a short and plain statement of Plaintiff's claim(s), as required by Rule 8.  The Complaint mentions various legal terms and claims, such as "Qui Tam (31 USC 3729(a))," "False Claims Act," "Defamation," "Slander," "Malicious intent," "Grant Misuse," "Environmental Violations," "Civil Rights Violations," "[Harassment] from Hire date 08/16/2021 to present day," "[Retaliatory] termination on 01/12/2024 as Whistleblower to Aloha Council Standards from Board members, Employees, Volunteers, with Malicious intent." ECF No. 1 at 5.

    The Complaint, however, does not include factual statements that explain how each defendant acted or failed to act, and how each defendant's actions or inactions are connected to the alleged violations of Plaintiff's rights.  Plaintiff also fails to state the specific injuries that Plaintiff suffered as a result of each defendant's actions or inactions.  Due to the lack of clarity regarding the nature of Plaintiff's claims, the Court finds that Plaintiff has not stated a short and plain statement of his claims showing that he is entitled to relief.  The Court thus recommends that the district court dismiss the Complaint.

C.    Leave to File an Amended Complaint

The Court recommends that the district court grant Plaintiff leave to file an amended complaint to cure the deficiencies noted above.  Any amended complaint must comply with Rule 8.  If Plaintiff chooses to file an amended complaint, he must write short, plain statements telling the court:  (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis for this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.  Plaintiff should repeat this process for each person or entity that he names as a defendant, by name or as a doe defendant.

Plaintiff should also list separate causes of action for alleged violations of his federal rights, as well as any pendant state law claims he wishes to assert.  Each cause of action should be supported by factual allegations, and not merely legal conclusions or a recitation of the legal elements for that particular claim.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

II.    IFP Application

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny Plaintiff's IFP Application.  The Court further recommends, however, that the district court grant Plaintiff leave to file another application if he chooses to file an amended complaint.  If Plaintiff files another application with his amended complaint, Plaintiff shall update the Court regarding his financial circumstances.

III.    Request for Appointment of Counsel

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny the Request for Appointment of Counsel. The Court further recommends, however, that the district court grant Plaintiff leave to file another request if he chooses to file an amended complaint and assert claims under the Civil Rights Act of 1964.

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS the Complaint with leave to file an amended complaint. Unless otherwise stated by the district court, the amended complaint must be filed within 30 days of the district court's entry of an order adopting this Findings and Recommendation.

In addition, the Court FINDS AND RECOMMENDS that the district court DENY the Application to Proceed in District Court Without Prepaying of Fees or Costs (ECF No. 3) with leave to file a new application if Plaintiff decides to file an amended complaint.  The Court also FINDS AND RECOMMENDS that the district court DENY the Request for Appointment of Counsel (ECF No. 4) with leave to file a new request if Plaintiff decides to file an amended complaint and assert claims under the Civil Rights Act of 1964.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 24, 2024.

Kenneth J. Mansfield
United States Magistrate Judge

*Bennett v. Boy Scouts of America Aloha Council 104, et al.*, Civil No. 24-00213 LEK-KJM; Findings and Recommendation to:  (1) Dismiss the Complaint with Leave to Amend; (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs; and (3) Deny Request for Appointment of Counsel Under the Civil Rights Act of 1964; 42 U.S.C. § 2000e-(5)(f)(1)(B)