UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| NATHAN D. BENNETT,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>BOY SCOUTS OF AMERICA ALOHA<br>COUNCIL 104, BOY SCOUTS OF<br>AMERICA, SCOUTING AMERICA,<br>STEPHANIE PHILLIPS, (BSA);<br><br>　　　　　　Defendants. | CIV. NO. 24-00213 LEK-KJM |

**ORDER DISMISSING WITH PREJUDICE PLAINTIFF'S AMENDED
EMPLOYMENT DISCRIMINATION COMPLAINT; AND DENYING
AS MOOT: DEFENDANTS' MOTION TO DISMISS AMENDED EMPLOYMENT
DISCRIMINATION COMPLAINT FILED JULY 12, 2024 [DKT. NO. 15],
DEFENDANTS' MOTION TO DECLARE NATHAN D. BENNETT
A VEXATIOUS LITIGANT, AND PLAINTIFF'S APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On May 8, 2024, pro se Plaintiff Nathan D. Bennett

("Plaintiff") filed a Complaint for a Civil Case ("Complaint")

and an Application to Proceed in District Court Without

Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] On

May 24, 2024, the Findings and Recommendations to: (1) Dismiss

the Complaint with Leave to Amend; (2) Deny Plaintiff's

Application to Proceed in District Court Without Prepaying Fees

or Costs; and (3) Deny Plaintiff's Request for Appointment of

Counsel Under the Civil Rights Act of 1964; 42 U.S.C. § 2000e-

5(f)(1)(B) ("F&R") was entered. [Dkt. no. 8.[1]] On June 12, 2024, the Court issued an order adopting the F&R dismissing the Complaint with leave to amend, and denying the Application ("6/12 Order"). [Dkt. no. 12.[2]]

Plaintiff filed an Amended Employment Discrimination Complaint on July 12, 2024 ("Amended Complaint"). [Dkt. no. 15.] On July 25, 2024, Defendants Boy Scouts of America, Aloha Council and Boy Scouts of America ("Defendants") filed the Motion to Dismiss Amended Employment Discrimination Complaint Filed July 12, 2024 [Dkt. 15] ("Motion to Dismiss"). [Dkt. no. 17.] On July 30, 2024, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Second Application"), and Defendants filed a declaration in opposition to the Second Application. [Dkt. nos. 19, 20.] On August 21, 2024, Defendants filed a Motion to Declare Plaintiff Nathan D. Bennett a Vexatious Litigant ("Vexatious Litigant Motion"). [Dkt. no. 21.] For the foregoing reasons, Plaintiff's Amended Complaint is dismissed with prejudice; and Plaintiff's Second Application, Defendants' Motion to Dismiss, and Defendants' Vexatious Litigant Motion are denied as moot.

---

[1] The F&R is also available at 2024 WL 2963739.

[2] The 6/12 Order is also available at 2024 WL 2959289.

2

**DISCUSSION**

The standards for screening a pro se complaint and an application to proceed *in forma pauperis* were stated in the F&R and will not be repeated at length here. [F&R at 2-5.] Briefly, to avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). In relevant part, Federal Rule of Civil Procedure Rule 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Under Rule 8, a complaint should "set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

Even liberally construed, Plaintiff's Amended Complaint does not state a plausible claim for relief. While Plaintiff's Amended Complaint contains new allegations, including that Defendants engaged in discriminatory conduct with respect to Plaintiff's race or color and national origin between August 16, 2021 throughout his employment, Plaintiff fails to state a plausible claim for relief. Compare Complaint at 5, with

3

Amended Complaint at 2-4. Plaintiff alleges in a conclusory manner that "the Molale family" subjected Plaintiff to discrimination, including "Battery, Assault, False Imprisonment, intentional Infliction of Emotional Distress, Negligence, acts of Private Nuisance, [and] inducement of contract." [Amended Complaint at pg. 3.] Plaintiff also alleges that "[d]ue to false statements and Nepotism and favoritism, the Board Members . . . some Employees, some Volunteers Alowed [sic] and participated [sic] in the Retaliatory and Discriminatory Behaviors and Actions[.]" [Id.] These conclusory allegations are not supported by sufficient factual allegations. The only possible factual allegations to support these claims for relief are the allegations that the "Vice President of Board members" Jeff Harris gave false statements "to a Department of Labor investigation," and that "COO Blake Parsons" subjected Plaintiff to termination. [Id.] It is unclear how these allegations are connected to the alleged violations of Plaintiff's rights, such as discrimination by way of battery, assault, false imprisonment, intentional infliction of emotional distress, negligence, private nuisance, or inducement of contract. The Amended Complaint does not include factual allegations that explain how each defendant acted or failed to act, and how these actions or inactions are connected to the alleged violations of Plaintiff's rights. Further, regarding the allegation of

termination of Plaintiff's employment, Plaintiff does allege any factual matter indicating how Defendants' action or inaction was discriminatory, or otherwise violated Plaintiff's rights. The Amended Complaint alleges only "naked assertion[s] devoid of further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).

The Court finds that Plaintiff has not stated a plausible claim for relief. Therefore, the Amended Complaint is dismissed. Because Plaintiff has already been afforded an opportunity to amend his Complaint, it is clear that granting Plaintiff further leave to amend would be futile. See F&R Order at 6 (cautioning Plaintiff that if he "fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim"); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)). Therefore, dismissal is with prejudice.

In light of the foregoing, the Court denies as moot Plaintiff's Second Application; Defendants' Motion to Dismiss; and Defendant's Vexatious Litigant Motion.

<u>**CONCLUSION**</u>

Plaintiff's Amended Employment Discrimination Complaint, filed July 12, 2024, is HEREBY DISMISSED WITH PREJUDICE. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 30, 2024; Defendants' Motion to Dismiss Amended Employment Discrimination Complaint Filed July 12, 2024 [Dkt. 15], filed July 25, 2024; and Defendants' Motion to Declare Plaintiff Nathan D. Bennett a Vexatious Litigant, filed August 21, 2024, are DENIED AS MOOT. There being no remaining claims in this case, the Court DIRECTS the Clerk's Office to enter final judgment and close the case on **September 9, 2024.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 23, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NATHAN D. BENNETT V. BOY SCOUTS OF AMERICA ALOHA COUNSEL 104 ET AL.,** CV 24-00213 LEK-KJM; ORDER DISMISSING WITH PREJUDICE PLAINTIFF'S AMENDED EMPLOYMENT DISCRIMINATION COMPLAINT; AND DENYING AS MOOT: DEFENDANTS' MOTION TO DISMISS AMENDED EMPLOYMENT DISCRIMINATION COMPLAINT FILED JULY 12, 2024 [DKT. NO. 15], DEFENDANTS' MOTION TO DECLARE NATHAN D. BENNETT A VEXATIOUS LITIGANT, AND PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS